FILED
U.S. DISTRICT COURT
ALBUQUERQUE NEW MEXICO

MAY 1 4 2003

CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS RODRIGUEZ,

    Defendant.

No. CIV-03-0320 JP/DJS
CR-01-696 JP

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Defendant's motion for equitable relief and judicial intervention (CIV Doc. #1; CR Doc. #56) filed March 12, 2003. The motion asks that the Court order the Bureau of Prisons' ("BOP") to place Defendant in the intensive confinement center ("ICC"/"bootcamp") program. The motion will be denied.

Defendant was convicted of distributing cocaine, and calculation of his offense level included a Criminal History Category of II based on a prior conviction for aggravated battery. He contends the BOP considers him ineligible for the program because of his previous conviction for a crime of violence. He argues that, except for the BOP's erroneous reliance on a previous crime of violence, he would be eligible for ICC. *See generally Roussos v. Menifee*, 122 F.3d 159 (3d Cir. 1997); *Davis v. Crabtree*, 109 F.3d 566 (9th Cir. 1997); *Jacks v. Crabtree*, 114 F.3d 983 (9th Cir. 1997).

Even assuming Defendant's argument accurately reflects his technical eligibility for the program, the Court will not make the requested findings or order. First, no statutory authority is provided for amending the judgment or entering "findings" at this time. *Cf. United States v. Blackwell*, 81 F.3d 945, 946 (10th Cir. 1996). And second, even if entry of such findings were



proper, "A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons." *United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995); *and see United States v. Gaskin*, No. 97-2282, 1998 WL 208866, at **1 (10th Cir. Apr. 29, 1998). Third, the Court is not convinced that, as a matter of congressional intent, Defendant qualifies for the program. Based on the presentence report, which indicates that Defendant was previously convicted of aggravated assault, the Court cannot say that Defendant is not "potentially dangerous." *Jacks*, 114 F.3d 983, 986 (". . . Congress intended to deny the one-year reduction to potentially dangerous inmates . . ."). The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion for equitable relief and judicial intervention (CIV Doc. #1; CR Doc. #56) filed March 12, 2003, is DENIED; and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE